**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRANCE BUCHANAN,

        Petitioner,                  CASE NO. 10-CV-13245

v.                                  JUDGE PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE

CHRIS ZYCH,

        Respondent.
_____/

## OPINION AND ORDER
## (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Terrance Buchanan is a federal inmate currently incarcerated at the Milan Federal Correctional Institution in Milan, Michigan. On August 16, 2010, he filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court convictions for (1) felon-in-possession, MICH. COMP. LAWS § 750.224(f), (2) carrying a concealed weapon (CCW), MICH. COMP. LAWS § 750.227(2), and (3) felony firearm, MICH. COMP. LAWS § 750.227(b), which were imposed by a Wayne County, Michigan, circuit court jury on August 26, 2008. He was sentenced to concurrent prison terms of twenty-three months to five years for the felon-in-possession and CCW convictions, and a consecutive two-year prison term for the felony-firearm conviction. For the reasons stated below, the Court dismisses the petition without prejudice. The Court also declines to issue Petitioner a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis*.

## I.      BACKGROUND

Following his sentencing in state court, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising an insufficient evidence claim. The Court of Appeals affirmed his convictions and sentences. *People v. Buchanan*, No. 289145, 2010 WL 785958 (Mich. Ct. App. Mar. 9, 2010). Petitioner did not file an application for leave to appeal that decision with the Michigan Supreme Court. Nor did he file a post-conviction motion with the state court. Rather, he filed this habeas petition, alleging that his Fourth Amendment rights were violated and that trial counsel was ineffective. Petitioner acknowledges that he failed to raise these issues in the state courts.

## II.    ANALYSIS

### A.    Standard of Review

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court determines that Petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1419 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an

opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Thus, the Court must consider whether Petitioner has an avenue available for exhaustion of these unexhausted claims in state court.

### B. Claims Are Unexhausted

In this case, Petitioner states that none of his habeas claims were presented in the state courts. These claims, therefore, are unexhausted. The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 et seq., which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy

to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n. 3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.  Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion.  *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).  The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition.  *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction.  Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

The Court finds that Petitioner's claims are unexhausted.  The claims he raises in this habeas petition have never been presented to the state courts.  Thus, Petitioner still has those avenues of relief available to him, and he has failed to demonstrate that he should be excused from exhaustion. Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust.

**C.      Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court declines to issue Petitioner a COA.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Petitioner's petition for writ of habeas corpus [dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

**SO ORDERED**.

S/Paul D. Borman _____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 30, 2010.

S/Denise Goodine _____
Case Manager